IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSHUA CALHOUN, #1985495, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-279-JDK-KNM |
| LAMORRIS MARSHALL, et al., | § § § | |
| Defendants. | § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Joshua Calhoun, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendants' amended motion for summary judgment as to exhaustion of administrative remedies. Docket No. 124. On August 30, 2022, the Magistrate Judge issued a Report recommending that the Court grant Defendants' motion because Plaintiff failed to exhaust his available administrative remedies before filing suit. Docket No. 130. The Court's review of that Report has been delayed for two reasons.

*First*, after Plaintiff's appointed counsel filed objections to the Report on his behalf (Docket No. 131), Plaintiff expressed dissatisfaction with his representation. Docket No. 132. The Court accordingly terminated the appointment of counsel and

1

gave Plaintiff additional time to file pro se objections to the Report. Docket No. 133. Plaintiff filed his pro se objections on October 11, 2022. Docket No. 136.

*Second*, on October 28, 2022, Plaintiff took an interlocutory appeal from this Court's termination of counsel's appointment, denial of a new appointment of counsel, and denial of Plaintiff's motion for "emergency injunction" related to prior counsel's representation. Docket Nos. 137, 140. Accordingly, the Court stayed and administratively closed this case during the pendency of that appeal. Docket No. 141. On April 27, 2023, this Court received notice that the United States Court of Appeals for the Fifth Circuit had dismissed Plaintiff's appeal in part for lack of jurisdiction and in part as frivolous. Docket No. 153. The Court having reopened this case upon dismissal of Plaintiff's appeal (Docket No. 155), the Magistrate Judge's Report and Recommendation is ripe for review.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410

& n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Here, the Magistrate Judge found that the evidence demonstrated that Plaintiff submitted only two Step 1 grievances relevant to any of his claims in this case: grievances 2021117264 and 2021129833, both of which addressed alleged violations by Defendants Marshall and Johnson. Docket No. 130 at 12–17.

Grievance 2021129833 cannot constitute exhaustion of the claims because the prison administration's deadline to respond to that complaint was July 30, 2021—after Plaintiff filed his complaint here on July 19, 2021. *Id.* at 16–17. Thus, even if Plaintiff had appealed the denial of that grievance with a Step 2 grievance, he would necessarily have done so *after* filing suit, which cannot constitute exhaustion. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (explaining that "[p]re-filing exhaustion is mandatory").

Grievance 2021117264 also does not demonstrate exhaustion. The prison's response to this grievance was due on July 12, 2021, but the Defendants' records indicate it was not returned to Plaintiff until at least July 30, 2021. Plaintiff maintains he never received any response. Docket No. 130 at 12. Plaintiff argued that his duty to exhaust was satisfied upon the expiration of time for the administration to respond to his Step 1 grievance. *Id.* at 13. But a Step 1 grievance alone is insufficient to exhaust administrative remedies. *Hicks v. Lingle*, 370 F. App'x 497, 498–99 (5th Cir. 2010). Accordingly, as the Magistrate Judge correctly explained, a lack of response at the first stage of the grievance process does not constitute exhaustion. Docket No. 130 at 13–14. And Plaintiff took no action whatsoever toward exhausting Grievance 2021117264 between July 12, 2021, when a response was due, and July 19, 2021, when he filed his complaint here. *Id.* at 13.

Plaintiff argues that Grievance 2021129833 and a later Step 2 grievance fulfilled his obligation to exhaust the first Step 1 grievance, 2021117264. Docket No. 131 at 2. But, as the Magistrate Judge observed, Plaintiff submitted both those documents *before* a response was due to his first grievance. Docket No. 130 at 15. Specifically, Plaintiff submitted those documents on June 30, 2021, and July 2, 2021, respectively. Docket No. 124-2 at 179; Docket No. 126-4 at 1–2. Thus, these submissions do not constitute exhaustion on Plaintiff's first grievance, 2021117264, for which the response was not due until July 12, 2021.

Much of Plaintiff's first objections (by counsel) concerns an alleged factual dispute about whether Plaintiff was ever given a response to his first Step 1

grievance, when he learned that it had been denied, and whether and when prison officials received his Step 2 grievance. Docket No. 131 at 2–5. But those facts are not material to the exhaustion issue. The only critical facts as to exhaustion of the first grievance are that Plaintiff filed Step 1 Grievance 2021117264 on May 27, 2021, the response to that grievance was overdue after July 12, 2021, Plaintiff took no action to inquire about his overdue grievance or otherwise pursue its exhaustion, and Plaintiff filed his complaint on July 19, 2021. Those facts are clearly established and undisputed in the record before the Court.

As discussed above, Plaintiff's second relevant Step 1 grievance was not exhausted at the time he filed his complaint, and the Step 2 grievance in question could not constitute exhaustion because it was not submitted in compliance with TDCJ rules. *Wilson v. Epps*, 776 F.3d 296, 299–300 (5th Cir. 2015) ("This circuit has taken a 'strict' approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies properly.'"); Docket No. 130 at 18 (Report explaining how Plaintiff's Step 2 grievance was improper under TDCJ rules).

The Court has also reviewed Plaintiff's pro se objections to the Report. Docket No. 136. Plaintiff complains that the twenty motions for discovery he wanted to pursue should have been granted before ruling on Defendants' motion for summary judgment. *Id.* at 1–2. But he does not explain how that discovery would be relevant to the issue of exhaustion. And a party seeking to postpone ruling on a motion for summary judgment to conduct discovery "must demonstrate to the court specifically

5

how the requested discovery pertains to the pending motion, by explaining how the additional discovery will create a genuine issue of material fact." *Calderon v. Hutto*, 2022 WL 4349316, at *3 (S.D. Tex. Sept. 19, 2022) (internal quotations and citations omitted).

Plaintiff does not satisfy that standard. Instead, he focuses on evidence concerning his underlying claims, including a video. Docket No. 136 at 1. Such evidence would have no bearing on the exhaustion issue before the Court.

Plaintiff also asserts that there is proof that he exhausted at least some grievance before filing his amended complaint on August 19, 2021. Docket No. 136 at 3. But the PLRA's pre-filing exhaustion requirement is not satisfied by exhausting a claim *after* filing a complaint and then simply filing an amended complaint. *See Rankin v. Pearson*, 612 F. App'x 204, 207 (5th Cir. 2015) (affirming dismissal of claims in amended complaint "because they were unexhausted at the time Rankin filed his original complaint").

Plaintiff's remaining pro se objections concern matters not germane to the pending motion or even to this lawsuit, including incidents and grievances unrelated to the claims in this case and an allegation of ongoing retaliation. Docket No. 136 at 3; Docket No. 136-1 at 2–3, 5–7. Plaintiff has thus not established any genuine issue of fact about his failure to exhaust administrative remedies as found in the Magistrate Judge's Report.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the

6

Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 130) as the opinion of the District Court. The Court hereby **OVERRULES** Plaintiff's objections (Docket Nos. 131, 136) and **GRANTS** Defendants' amended motion for summary judgment. This case is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

So **ORDERED** and **SIGNED** this **12th** day of **May, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE